O
JS-6

# United States District Court
# Central District of California

MAIRA LOPEZ,

             Plaintiff,

    v.

WELLS FARGO BANK, N.A. et al.,

             Defendants.

Case № 2:23-cv-09166-ODW (PDx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9]**

## I.  INTRODUCTION

On September 29, 2023, Plaintiff Maira Lopez initiated this action against Wells Fargo Bank, N.A. ("Wells Fargo") and Veronica Doe (collectively, "Defendants") for disability discrimination and wrongful termination in the Superior Court of California, County of Los Angeles.  (Notice of Removal ("NOR") Ex. A ("Complaint" or "Compl."), ECF No. 1-1.)  On October 31, 2023, Defendants removed this action based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (*See generally* NOR.)  Lopez now moves to remand.  (Mot. Remand ("Motion" or "Mot"), ECF No. 9.)  For the reasons below, the Court **GRANTS** Lopez's Motion and **REMANDS** this action to Los Angeles County Superior Court.

## II.   BACKGROUND

Wells Fargo employed Lopez as a service manager from on or about 2002 until September 29, 2021.  (Compl. ¶ 9.)   In April 2020, at the outset of the COVID-19 pandemic, Lopez's physician placed her on medical leave as her lupus and osteoporosis left her immunocompromised.  (*Id.* ¶ 11.)   Lopez remained on medical leave as "Wells Fargo had a program whereby it would allow immunocompromised employees to be on leave until October 31, 2021."  (*Id.*)

In June 2020, Lopez's Wells Fargo branch closed as a result of the COVID-19 pandemic.  (*Id.* ¶ 12.)   In September 2021, Lopez received a letter stating that if "she did not return to work by October 31, 2021," Wells Fargo would terminate her employment.  (*Id.* ¶ 13.)   Lopez called her district manager, Veronica Doe, to inform her of the letter and inquire if there were any service manager positions available at other branches.  (*Id.*)   Doe stated that there is currently no need for service managers within their branches, but [Lopez] could apply to whatever jobs are available.  (*Id.*)

Lopez noticed that the "only available positions were bank tellers," which would require her taking a demotion.  (*Id.* ¶ 14.)   After expressing her concerns to Doe about applying as a teller, Doe told Lopez to file displacement papers with Human Resources.  (*Id.*)   After following Doe's instructions, Human Resources informed Lopez that she was ineligible for displacement and interpreted her submission as a resignation.  (*Id.* ¶ 15.)   In response, Lopez again contacted Doe, who suggested that she speak directly with someone in Human Resources.  (*Id.* ¶ 16.)   During the conversation with Human Resources, the representative told Lopez that "she did not qualify because she was on unprotected leave of absence."  (*Id.*)   Wells Fargo ultimately terminated Lopez on September 29, 2021.  (*Id.* ¶ 17.)

On September 29, 2023, Lopez filed this lawsuit against Defendants in the Superior Court of the State of California, County of Los Angeles.  (NOR ¶ 1.)   "In her Complaint, Lopez asserts five causes of action against Wells Fargo: (1) disability discrimination; (2) failure to provide reasonable accommodations; (3) failure to

engage in a good faith interactive process; (4) retaliation; and (5) wrongful termination in violation of public policy. (Compl. ¶ 20–62.) Lopez also asserts one cause of action against Lopez: tortious interference with an employment relationship. (*Id.* ¶ 63–70.)"

Wells Fargo removed this action to federal court, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). (NOR ¶ 21.) Lopez now moves to remand this action back to Los Angeles County Superior Court. (Mot.) The Motion is fully briefed. (Opp'n Mot., ECF No. 10; Reply Mot., ECF No. 12.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court. Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Id.* Thus, the removal is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.*

## IV.   DISCUSSION

Lopez seeks to remand the case to Los Angeles County Superior Court, asserting that complete diversity of the parties does not exist.  (Mot. 1.)  Defendants argue the complete diversity requirement is met because Doe is a "sham" defendant who is fraudulently joined in an effort to defeat complete diversity.  (NOR ¶¶ 9–20.)  The parties agree that both Lopez and Doe are citizens of California.  (Mot. 2.)  The question at bar is therefore whether Doe is a proper party to the action or fraudulently joined such that the Court may disregard her citizenship.  The Court finds that because it is possible for a state court to find Lopez's tortious interference claim against Doe to be viable, Doe is not a fraudulently joined "sham" defendant.

### 1.    Fraudulent Joinder

Defendants argue that Doe is a "sham" defendant who is fraudulently joined to this matter.   (NOR ¶¶ 9–20.)   In response, however, Lopez argues Doe is not fraudulently joined because Doe tortiously interfered with her employment with Wells Fargo.  (Mot. 1.)

A defendant claiming diversity on the basis of fraudulent joinder carries a heavy burden, for the defendant must establish that the plaintiff cannot assert a claim against the non-diverse defendant under any legal theory or by any amendment.  *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).  In other words, a non-diverse defendant is deemed a "sham" defendant if, after all disputed questions of fact and ambiguities in the controlling state law are resolved in the plaintiff's favor, there is no "*possibility* that a state court would find that the complaint states a cause of action against" the defendant whose joinder is questioned.  *Id.* at 548 (emphasis in original).   A defendant will not be considered a sham defendant where "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."  *Id.* at 550; *see Sessions v. Chrysler Corp.*, 517 F.2d 759, 760–61 (9th Cir. 1975) (explaining that as long as a plaintiff is entitled to relief on

*some* theory against the non-diverse defendant, the specific claims alleged are irrelevant).

In evaluating whether a case is diverse, district courts may disregard the citizenship of a fraudulently joined non-diverse defendant. *Grancare, 889 F.3d at 550* (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1994)). The Ninth Circuit has established two methods of establishing fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Id.* (alteration in original) (quoting *Ritchey & Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

## 2. Tortious Interference

Lopez's sixth cause of action—the only claim against Doe—alleges tortious interference with an at-will employment relationship.[1] (Compl. ¶¶ 63–70.) Defendants argue that Lopez does not prove Doe committed an "independently wrongful act." (NOR ¶ 9.) The Court finds Defendants fail to meet their burden of showing that there is no possibility that a state court would find that the complaint states a cause of action of tortious interference against Doe. It is well-established in California law that an at-will employee may pursue a claim for tortious interference with an employment relationship against an individual wrongdoer. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1127 (1990). The fact that Wells Fargo could discharge Lopez at any time does not privilege Doe to unjustifiably induce the termination. *Savage v. Pac. Gas & Elec. Co.*, 21 Cal. App. 4th 434, 448 (1993).

---

[1] California state courts have repeatedly likened tortious interference with an "at-will employment relationship" to tortious interference with a "prospective economic relationship" or "potential economic advantage." *Ahn v. Stewart Title Guar. Co*., 93 Cal. App. 5th 168, 187 (2023) (Determining "interference with an at-will employment agreement is akin to interference with a prospective economic relationship," or potential economic advantage).

> A plaintiff may recover damages for intentional interference with an at-will employment relationship under the same California standard applicable to claims for intentional interference with prospective economic advantage. To recover for a defendant's interference with an at-will employment relation, a plaintiff must plead and prove that the defendant engaged in an independently wrongful act.

*Reeves v. Hanlon*, 33 Cal.4th 1140, 1152 (2004). Tortious interference with potential economic advantage requires five elements: (1) "the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff," "(2) the defendant's knowledge of the relationship," "(3) intentionally wrongful acts designed to disrupt the relationship," "(4) actual disruption of the relationship," and "(5) economic harm proximately caused by the defendant's action." *Roy Allan Slurry Seal, Inc., v. Am. Asphalt S., Inc.*, 2 Cal. 5th 505, 512 (2017).

Here, Lopez has shown the possibility of tortious interference with an employment relationship against Doe. First, it is clear an at-will employment existed between Lopez and Wells Fargo. (Compl. ¶ 64.) Second, Doe was aware of the employment relationship between Lopez and Wells Fargo. (*Id.*) Third, Doe allegedly engaged in intentionally wrongful acts designed to disrupt the relationship between Lopez and Wells Fargo. (*Id.*) Specifically, Doe provided false information to the Lopez regarding her disability and medical leave by advising her to file displacement papers with Human Resources. (*Id.*) Fourth, there was an actual disruption of the employment relationship when Wells Fargo terminated the Lopez's employment. (*Id.*) Fifth, according to the factual allegations, it is possible that, by acting on Doe's advice, Lopez's economic harm was proximately cause by Doe's conduct. As such, the Court finds that a state court could find that Lopez sufficiently alleges a claim for tortious interference. *Grancare*, 889 F.3d at 548.

Defendants fail to demonstrate how a state court could not possibly find a viable claim for tortious interference. Defendants do not dispute that Lopez had an at-

will employment relationship with Wells Fargo and that they were aware of the employment relationship. (NOR ¶ 15.) Additionally, Defendants mistakenly contend that Doe's actions cannot be deemed unlawful merely because she acted with improper motive. (NOR ¶ 15.) "It is firmly established in California that intentionally interfering with an at-will contractual relation is actionable in tort, and we perceive no legal, logical, or policy basis for restricting the availability of this tort to employees." *Reeves*, 33 Cal. 4th at 1154. Doe improperly advised Lopez to file displacement letters, which led to Lopez's termination. (Compl. ¶¶ 14, 17.) Doe's action in misguiding Lopez to file displacement letters *could* be sufficient to establish tortious interference. Thus, the Court finds that a state court *could* possibly find a viable tortious interference claim against Doe.

In light of the foregoing, Defendants fail to meet their burden of establishing that there is no possibility that a state court would find Lopez states a cause of action against Doe. Therefore, Defendants fail to establish Doe as a "sham" defendant, particularly considering the "strong presumption against removal jurisdiction." *See Hunter*, 582 F.3d at 1042. As such, complete diversity is destroyed, and the Court lacks jurisdiction over this action.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Lopez's Motion to Remand, (ECF No. 9), and **REMANDS** this case to the Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, Case No. 23STCV23779.

**IT IS SO ORDERED.**

May 17, 2024

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**